**MEMO ENDORSED**

# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/20

May 8, 2020

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, NY 10007-1312

Re:   <u>Structured Asset Sales, LLC v. Sheeran, et. al., 18-cv-5839 (LLS)</u>

Dear Judge Stanton:

*[Handwritten endorsement:]* With respect to the question on page three, defendants' time to serve responsive experts' reports is 30 days after receipt of plaintiff's expert reports, and therefore at the latest by July 1, 2020. Louis L. Stanton  5/11/20

We represent the defendants in the above-referenced case. Yesterday afternoon, Plaintiff's counsel, Mr. Parness, purported to serve by email a copy of a second musicology report from a second musicologist.[1] We write to Your Honor to object to this second musicology report from a second musicologist as being contrary to the representations made by Mr. Parness in his letters to Your Honor seeking relief from the Scheduling Order in this case (in which, as discussed below, he represented that SAS had already served its musicologist report on April 22, 2020 and sought only permission to later serve a damages expert report).

We also note that Mr. Parness has just filed a letter requesting a pre-motion conference to file a fourth amended complaint (ECF 156), hoping to try to relate back a claim for infringement of the recorded version of "Let's Get It On" ("LGO") – which SAS claims to have registered or at least filed for registration – to the filing of the pending action. We will address this request in a separate letter to Your Honor (although we have already noted, in my letter to Your Honor dated April 10, 2020 (ECF 149), the substantive issues barring any such filing by SAS, including the lack of any basis for a derivative work copyright, SAS's lack of any interest in any such derivative work copyright if one could exist and the applicable law barring the relation back of any alleged copyright claim).

With respect to the second musicologist's report that Mr. Parness served on us on May 7, 2020, he neither sought nor received permission from Your Honor to serve multiple musicology reports on various dates of his own choosing. Rather, after having served a musicology report on April 22, 2020 (by John Covach), a month after it was required to be served by the Scheduling Order in this case, on April 23, 2020, Mr. Parness retroactively sought modification of the Scheduling Order authorizing his late service of his musicology report and to permit him to serve the balance of his expert reports by May 31, 2020. (ECF 152).

---

[1] This second musicology report is attached to Mr. Parness's May 7, 2020 letter to Your Honor (ECF 156).

### PRYOR CASHMAN LLP

Hon. Louis L. Stanton
May 8, 2020
Page 2

As clearly stated in Mr. Parness's April 23 2020 letter to Your Honor, the balance of the expert reports he sought permission to serve were damages experts, not a further musicology report:

> I served **SAS's musicologist expert report on SAS's counsel on April 22, 2020,** after our expert completed revisions necessitated by the *Griffin* "deposit copy" motion *in limine* decision. A copy of that report is attached as **Exhibit A**, should the Court wish to review it. **Our other expert reports are in process, and are being revised to include discovery we are still continuing to receive from Defendants** (as recently as Tuesday of this week), and will be ready no later than May 31, 2020.

(Emphasis supplied).

Mr. Parness did not advise Your Honor that the musicology report he served on April 22, 2020 was merely the first in a series of musicology reports he intended to serve on a schedule of his own choosing. The further expert reports that he sought leave to serve by May 31, 2020, which he represented were then being revised to include discovery being received from defendants, were and could only be a damages expert report because that was the only discovery Plaintiff was continuing to receive from defendants.

Consistent therewith, Mr. Parness's April 24, 2020 letter to Your Honor (ECF 155) stated **"we have now served our musicologist's report on Defendants (revised to take the Griffin 'deposit copy' decision into account)."** And again, as he did in his April 23, 2020 letter, having represented that he had served Plaintiff's musicology report, Mr. Parness requested leave to serve the balance of Plaintiff's expert reports, the reports he claimed were being revised to address the discovery still being provided by defendants – which was only financial information respecting Ed Sheeran's concert and merchandise income – by May 31, 2020. Indeed, the information upon which any musicology report is based – the two songs at issue – has been known to Plaintiff since 2014, and Plaintiff has had Defendants' expert report in the Griffin case since no later than July 27, 2018, less than a month after this case was commenced and before the second and third amended complaints were filed (it was attached to the Farkas Declaration in support of Defendants' motion for summary judgment).

Again, having represented to Your Honor that he had served Plaintiff's musicologist's report, Mr. Parness did not state that he intended to serve additional musicologist reports thereafter. He did not request relief from the Scheduling Order to do so. Rather, he sought additional time to provide the balance of his expert reports by May 31, 2020 so that, as he specifically represented to Your Honor, his damages expert(s) could incorporate the additional financial discovery being provided by defendants.

On May 4, 2020, Your Honor issued a Memorandum Endorsed Order on Mr. Parness's April 24, 2020 letter, the one in which he stated that he had **"now served our musicologist's**

# PRYOR CASHMAN LLP

Hon. Louis L. Stanton
May 8, 2020
Page 3

**report**" directing that "Plaintiff's time to serve the balance of his expert reports upon defendants is extended until May 31, 2020." Your Honor's Order endorsed Mr. Parness's request in which he represented that Plaintiff's musicologist report had been served on April 22, 2020 and that the balance of SAS's expert reports warranted until May 31, 2020 to be served to incorporate the concert and merchandise discovery Defendants were still providing. In light of these representations, we believe Mr. Parness's letters to Your Honor make clear that the "balance" of the expert reports were limited to damages expert reports.

While Your Honor's Memorandum Endorsed Order does not specifically address Defendants' time to respond to Plaintiff's expert reports, the Scheduling Order provides that our responsive reports are due 30 days after Plaintiff's expert reports. That would make our musicology report due on May 22, 2020. But having now served another musicology report on May 7, 2020 – again without any permission granted by this Court and contrary to Mr. Parness's representations to Your Honor – Defendants' time to serve their responsive musicologists' report(s) is unclear. Is it May 22, 2020, June 8, 2020 or is it some other date?

There is ample case law precluding the submission of an expert report in violation of a Scheduling Order (and here, in violation of the relief granted from a prior violation of the Scheduling Order and contrary to the representations of counsel seeking such relief). *E.g., RLI Ins. Co. v. May Const. Co., Inc.*, 09-cv-7415 (PKC), 2011 WL 1197937 at *2 n.1 (S.D.N.Y. Mar. 22, 2011); *Farricker v. Penson Dev., Inc.*, 07-cv-11191 (PKC), 2010 WL4456850 at *2 n.2 (S.D.N.Y. Oct. 28, 2010); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 67 (W.D.N.Y.2004).

SAS requested relief from the Scheduling Order, representing that it served its musicologist's report on April 22, 2020, but needed additional time to submit damages expert report(s) because Defendants were still providing concert and merchandise income information. It did not request relief from Your Honor to serve a second musicology report from a second musicologist on May 7, 2020 or on any other date. Having obtained relief from Your Honor, Plaintiff then unilaterally ignored the relief granted by Your Honor and the representations on which it was based. It did not seek the right to serve a second musicology report from a second musicologist on May 7, 2020 or on any other date. Plaintiff should not be permitted to make representations to Your Honor to secure relief from its own defaults and then ignore its own representations and to secure further and different relief it never sought. The second musicology report from a second musicologist should be barred.

Respectfully submitted,

Donald S. Zakarin