**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

☐ ORIGINAL

**MEMO ENDORSED**

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

June 23, 2020

**VIA ECF**

Hon. Louis L. Stanton
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, NY 10007-1312

> *The scheduling orders nowhere forbade rebuttal reports, and both sides may use them. If that requires a re-scheduling of an expert's deposition, so be it.*
>
> LLS
> 6/25/20

Re:   **Structured Asset, Sales, LLC v. Sheeran, et. al., 18-cv-5839 (LLS)**

Dear Judge Stanton:

We represent the defendants in the above-referenced case pending before Your Honor. I write in response to Mr. Parness's letter dated June 22, 2020 (ECF 172), submitted in response to my letter earlier on June 22, 2020 (ECF 171).

We are fully aware of the cases cited by Mr. Parness as well as Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure. But Mr. Parness purposefully ignores the express terms of the original Scheduling Order (ECF 103) which provided that SAS's expert reports were due on March 24, 2020, defendants' expert reports were due 30 days thereafter and then within 30 days thereafter, defendants were to take the depositions of SAS's experts. If the Scheduling Order contemplated that SAS could serve rebuttal reports, SAS could serve such reports **after** defendants were required to complete the deposition of SAS's experts, thereby defeating the whole purpose of expert discovery to the prejudice of defendants.

In fact, I negotiated the terms of what became the Scheduling Order with Mr. Parness. Attached hereto as Exhibits A, B and C are drafts exchanged by Mr. Parness and me when we were negotiating the Scheduling Order. As Your Honor can see, rebuttal reports were never requested and the timing of expert discovery, in each and every exchanged version, was not consistent with nor would it permit rebuttal expert reports.

Thus, here, unlike the Scheduling Order in *S.E.C. v. Badian,* (cited by Mr. Parness), the Scheduling Order did not provide any period that would permit rebuttal reports within the expert discovery period. In contrast, as Judge Swain specifically noted in *Badian,* the Scheduling Order there provided for a period of 105 days after the submission of defendants' expert reports for the completion of expert discovery. In other words, there was ample time within the Scheduling Order period set for expert discovery to permit rebuttal reports without prejudicing the rights of the parties to conduct expert discovery.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/20

## PRYOR CASHMAN LLP

Hon. Louis L. Stanton
June 23, 2020
Page 2

Similarly inapposite is *City Grill Hospitality Group v. Nationwide Mut. Insurance Co.*, (also cited by Mr. Parness). There was no discovery preclusion there, but the issue was whether the rebuttal expert reports (to which there could be responsive rebuttal reports) could prejudice the trial date. As the Court noted, because of pending motions, the case was taken off the trial calendar and the discovery and any further rebuttal reports could be provided without prejudice. Again, here the Scheduling Order clearly does not and could not contemplate rebuttal reports because it would leave defendants in the position of not having any opportunity to conduct any discovery as to a rebuttal report.[1] *See also C.A. v. AMLI at Riverbend, L.P.*, No. 06-cv-1736-SEB-DML, 2009 WL 10687810, at *5 (S.D. Ind. Sept. 4, 2009) ("The CMP does not provide for disclosure of rebuttal reports past the deadline. The plaintiffs should have provided for the disclosure of rebuttal expert reports in their proposed CMP or sought leave to serve Mullen's Second Report"); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("Starting with the alleged rebuttal testimony of Dr. Fields, the discovery plan did not permit a third tier of expert disclosure as plaintiff contends. This was due simply to inadvertence or neglect in the formulation of the discovery plan itself. Nothing prevented plaintiff from putting in a three-tier or even four-tier expert discovery provision … Consequently, the Court finds that Dr. Fields' untimely opinion was not permissible under the discovery plan and violated the Court's order").

Mr. Parness also ignores his specific representations in his letters to Your Honor seeking relief from SAS's failure to comply with the Scheduling Order, failing to provide any expert reports by March 24, 2020. At no time did he ever mention or request permission to serve rebuttal reports.

Again, with this discovery schedule proposed by SAS, if SAS contemplated that it would have the right to submit rebuttal reports, it could serve its rebuttal reports after defendants were required to complete the depositions of SAS's experts. If SAS intended to reserve the right to submit rebuttal reports, it did not say so and its proposed schedule can only be viewed as a purposeful attempt to prejudice the discovery rights of defendants.

This Court's May 4, 2020 Memo Endorsed Order (ECF 155), consistent with the expert discovery schedule originally provided in the Scheduling Order and SAS's proposed discovery schedule in Mr. Parness's April 23, 2020 letter, specifically required SAS to serve the balance of its expert reports (beyond the Covach report served on April 22, 2020) by May 31, 2020. The Court's further Order on May 11, 2020 (ECF 162) provided that the defendants' expert reports had to be served, at the latest, by July 1, 2020. There was no change to the discovery schedule

---

[1] Defendants have not yet examined the Covach rebuttal report to evaluate whether it is even properly a rebuttal report to begin with as the first issue is whether this Court's Orders and the Scheduling Order and timing of expert discovery even contemplates any rebuttal reports. They do not.

**PRYOR CASHMAN LLP**

Hon. Louis L. Stanton
June 23, 2020
Page 3

meaning that Defendants had to conclude their depositions of SAS's experts within 30 days after the service of Defendants' expert reports.[2]

In short, here there was never any intention, not in the original Scheduling Order, not in Mr. Parness's requests for relief from SAS's failure to comply with its terms, not in this Court's Order granting SAS until May 31, 2020 to serve all of its expert reports and not in the discovery schedule that exists (subject to the ability to take expert depositions in the present environment) to permit any rebuttal expert reports. SAS should not be permitted to violate its own requests of this Court, this Court's Orders and the rights of defendants to meaningfully depose SAS's experts by serving rebuttal reports. Here, consistent with Rule 26(a)(2)(D)(ii), there are Orders in place that make clear that no rebuttal reports were intended or permitted.

Respectfully submitted,

Donald S. Zakarin

Attachments

---

[2] In yet a reply letter to Your Honor on May 26, 2020 (ECF 169), Mr. Parness made several assertions regarding expert discovery with which we disagreed (but had no opportunity to respond to his reply letter). Mr. Parness apparently conceived that defendants had to conduct their depositions within 30 days after each individual expert report rather than within 30 days after all of defendants' expert reports were provided (meaning within 30 days of July 1, 2020). While we believed that Mr. Parness had until August 15, 2020 to complete his expert depositions of our experts, in response to his request, the Court extended his time from July 6, 2020 to August 3, 2020. We have since agreed with Mr. Parness on a discovery schedule, subject to the ability to conduct depositions, consistent with what was contemplated by the Scheduling Order.