ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STRUCTURED ASSET SALES, LLC,

                    Plaintiff,                                    18 Civ. 5839 (LLS)

          - against -                                             OPINION & ORDER
                                                                  ON DEFENDANTS'
EDWARD CHRISTOPHER SHEERAN, p/k/a                                 MOTION IN LIMINE
ED SHEERAN, SONY/ATV MUSIC
PUBLISHING, LLC, ATLANTIC RECORDING
CORPORATION d/b/a ATLANTIC RECORDS,
BDI MUSIC LTD., BUCKS MUSIC GROUP LTD.,
THE ROYALTY NETWORK, INC., DAVID
PLATZ MUSIC (USA) INC., AMY WADGE,
JAKE GOSLING and DOES 1 THROUGH 10,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED:   9/9/21 |

          The issues raised by defendants' application for in limine rulings are disposed of as
follows.

1.
The Deposit Copy

          On July 17, 1973, in compliance with the then - applicable 1909 Copyright Act Sections 9

and 12, 17 U.S.C. §§ 5(e), 9, 10, 12 (1964), Ed Townsend filed with the Copyright Office

(through music publishers) the application for registration of the musical composition Let's Get

It On, and deposited two copies of the sheet music he had authored.  The copyright was

registered as No. EP 314589, and the sheet music deposited with the Copyright Office ("Deposit

Copy") defines "precisely what was the subject of copyright." Merrell v. Tice, 104 U.S. 557, 561

(1881).  "[T]he scope of the copyright is limited by the deposit copy." Skidmore v. Led

Zeppelin, No. 16-56057, March 9, 2020 p. 20 (9th Cir. 2020) (en banc). The Copyright Office

instructs that "a registration for a work of authorship only covers the material that is included in

the deposit copy(ies)" and "does not cover authorship that does not appear in the deposit

copy(ies), even if the applicant expressly claims that authorship in the application." U.S.

Copyright Office, Compendium of U.S. Copyright Office Practices. §504.2 (3d ed. 2017). As

such, the Deposit Copy is the sole definition of the elements included in the protection of

copyright, which does not include other embellishments, even if they were added by Townsend

himself - because they have not undergone the copyright process.

Nor is the field of protected elements enlarged on the theory that they are consistent, and

harmonize with the work as articulated in the Deposit Copy, and are implied by the way the

articulated elements are expressed. If what is implied is not in the Deposit Copy, it does not have

the protection of copyright.

2.
The Sound Recording

A clear understanding that only the Deposit Copy has copyright protection is important in

this case because Marvin Gaye, who co-wrote Let's Get It On ("LGO") with Townsend, recorded

the song for its first commercially released sound recording on March 22, 1973. The Gaye sound

recording contains many elements: percussion/drums, bass-guitar, guitars, Gaye's vocal

performances, horns, flutes, etc., which do not appear in the simple melody of the Deposit Copy.

These additional elements - at least some of which appear in Thinking Out Loud ("TOL") in

more or less similar form - are not protected by copyright, because they are not in the Deposit

Copy.

Thus the Gaye sound recording is inadmissible in any way which might confuse the jury into thinking it represents what is protected by copyright.  For example, comparisons of elements in Thinking Out Loud which are similar to elements in the Gaye sound recording (but not the Deposit Copy) will not be allowed.

3.

A clear example is the bass line issue.  There is no genuine question that there is no notation or specification of a bass line in the Deposit Copy.  That has been accepted by both sides and is apparent from a visual inspection, and is beyond dispute.

Plaintiff's experts' produced opinions basing infringement on an asserted similarity between Thinking Out Loud and a combination of three elements in LGO called the "backing pattern."  It consisted of the chord progression, the harmonic anticipation of chord changes (both of which are commonplace and unprotectable), and a bass line.  There is no bass line in the LGO Deposit Copy.  This led to the concoction of remedial theories – e.g. that if you string together the lowest notes in the Deposit Copy you will "find" a bass line; that the remaining two elements are its "functional equivalence" – which have serious analytic problems.

The present point is that none of that could be discerned by examining the Deposit Copy.  The waste and confusion came from comparing TOL with the Gaye sound recording rather than the Deposit Copy, and failing to take seriously the understanding that "copyright law protects only that which is literally expressed, not that which might be inferred or possibly derived from what is expressed." (Defts' Reply Memo., pp. 3-4).

To prevent the jury from any such confusion, plaintiff's expert reports must delete all references to the Gaye sound recording, and its experts shall not mention it in their testimony

-3-

without prior approval by the Court.

Within the next 30 days plaintiff shall furnish defendants with final copies of its experts' reports, as so amended.

4.

One of plaintiff's experts having ignored the issue of prior art, and the other having only made inquiries so superficial as to amount to no research at all, the proof as to the existence of prior art shall be only that submitted by defendants.

5.

Plaintiff's experts' corrected reports and testimony are to eschew opinions unsupported by facts, or suggesting legal conclusions.

So Ordered.

Dated: New York, New York
    September **9** , 2021

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J

-4-